UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. CR-09-0059-JLQ |
| v. | **ORDER DENYING POST-TRIAL MOTIONS** |
| FABIAN VAKSMAN, | |
| Defendant. | |

**BEFORE THE COURT** are several post-trial Motions by the Defendant. Mr. Vaksman has moved the court for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) (Ct. Rec. 223), a new trial pursuant to Fed. R. Crim. P. 33 (Ct. Rec. 224), and to declare the statute under which he was convicted, 18 U.S.C. § 875(c) unconstitutionally vague (Ct. Rec. 225). Mr. Vaksman has also moved the court, *pro se,* for a mistrial (Ct. Rec. 230). The Government has responded to the Motions (Ct. Recs. 229 & 234). For the reasons stated herein, the Motions are **DENIED**.

I. Background

On October 21, 2009, Mr. Vaksman was convicted, after a jury trial, of threatening Seattle Municipal Court Commissioner Adam Eisenberg, in violation of 18 U.S.C. § 875(c). The jury found that Mr. Vaksman transmitted a true threat in interstate commerce on March 20, 2009, when he emailed Mr. Eisenberg's attorney and several United States Marshals statements which included, *inter alia*, that Mr. Eisenberg "ought to be murdered," that the "bastard will merit every bullet that can be fired into his criminal

ORDER - 1

ass," and that "if I [Mr. Vaksman] were to murder him, I'd have a legitimate claim that I was merely acting in self defense . . ."

Mr. Vaksman moved to dismiss the Indictment during pre-trial proceedings, arguing insufficient allegations to prove the requisite elements.  His motion was denied (Ct. Rec. 72).  Mr. Vaksman also moved the court at the close of the Government's case for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, which was denied.

## II.  Discussion

A.  Rule 29 Motions

Mr. Vaksman first moves the court for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, which states that the "court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The critical inquiry on review of the sufficiency of evidence to support a criminal conviction must be not simply to determine whether a jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979).

Mr. Vaksman contends that the evidence admitted at trial, even when viewed in the light most favorable to the prosecution, was insufficient to support a verdict of guilty.  Ct. Rec. 220, 4:6-11.  The jury was instructed by the court that to establish Mr. Vaksman's guilt, the finding beyond a reasonable doubt of five elements was required:

> First: On or about March 20, 2009, Fabian Vaksman knowingly and wilfully transmitted a communication he intended to ultimately reach Adam Eisenberg; and
>
> Second: The communication was a true threat; and
>
> Third: The Defendant intended the communication to be a true threat; and
>
> Fourth: That a person receiving such communication would reasonably construe it to be a true threat; and
>
> Fifth: The communication traveled in interstate commerce.

ORDER - 2

Ct. Rec. 220, Instr. No. 7.  Mr. Vaksman argues that there was insufficient evidence presented at trial to prove all but the fifth element, and that the jury deliberated for too short a time to return a guilty verdict.

First, Mr. Vaksman contends there was insufficient evidence to prove that he intended the communication to ultimately reach Adam Eisenberg.  Ct. Rec. 220, 5:1-5. The email in question was undisputedly not addressed to Mr. Eisenberg directly, but a communication need not be directly sent to a recipient if it was ultimately intended to reach that person.  *See U.S. v. Stewart*, 420 F.3d 1007, 1016 (9th Cir. 2005).  The Government argued at trial that Mr. Vaksman intended for Mr. Eisenberg to receive the threat indirectly, a theory Mr. Vaksman denied and now argues there was insufficient evidence to support.

Mr. Vaksman testified that he did not intend the email to reach Mr. Eisenberg (TR 234) against who he had previously initiated a 42 U.S.C. § 1983 action based upon Mr. Eisenberg having issued a warrant for Mr. Vaksman.  Mr. Vaksman's e-mail was forwarded to Mr. Eisenberg by Deputy United States Marshal Kevin Kilgore (TR 46). However, Mr. Vaksman also testified that he intentionally sent the email to Steve Larson, Mr. Eisenberg's attorney (TR 239-42), and that he had previously sent Mr. Larson emails that he intended to be passed on to another of his clients, the City of Seattle (*Id.*). Mr. Vaksman had previously sued Mr. Eisenberg and the City of Seattle on multiple occasions, both for injunctive and monetary relief relating to Mr. Eisenberg's issuance of the  bench warrant for Mr. Vaksman's arrest, indicating a history of intent to hold Mr. Eisenberg accountable for claimed misdeeds.  TR 228, 243, 257-59.

When viewed in the light most favorable to the prosecution, there was sufficient evidence to support the jury's finding that Mr. Vaksman, at a minimum, intended his communication to reach Mr. Eisenberg through others.  It is not unreasonable to conclude that the sending of a threat to a person's attorney was intended to reach that person, particularly when that had been the intent in previous situations.  Accordingly, the Motion for acquittal is **DENIED** as to the first element.

ORDER - 3

Secondly, Mr. Vaksman contends that there was insufficient evidence to prove that the communication was subjectively intended to be a true threat against Mr. Eisenberg. Ct. Rec. 220, 7:9-12. Mr. Vaksman testified that his words were "strictly metaphorical," relating to his First Amendment rights of protected speech and redress of grievances. He therefore contends that he did not intend the communication to be a true threat. TR 205-233.

As the court instructed the jury, they were "the sole judges of the credibility of the witnesses and the weight their testimony deserves . . . Consider also any relation each witness may bear to either side of the case." Ct. Rec. 201, Instr. 13. Mr. Vaksman's testimony that he had no subjective intent to threaten, whether true or false, was not unreasonably rejected by the jury in light of the other testimony given at trial. For example, Mr. Vaksman was twice warned prior to sending the email threat concerning Mr. Eisenberg that the language he was using in his communications was causing concern, yet he did not mitigate his phraseology. TR 17-18, 115. The jury was also free to make inferences regarding Mr. Vaksman's intent from the words of the email itself.

The jury's determination that Mr. Vaksman subjectively intended his email to Mr. Eisenberg to be a true threat was not unreasonable. Accordingly, the Motion for acquittal is **DENIED** as to the second/third element.

Third, Mr. Vaksman contends that there was insufficient evidence to prove that the communication objectively constituted a true threat against Mr. Eisenberg, since the alleged threat was not couched in unequivocal, unconditional terms. Ct. Rec. 220, 8:12-14. An alleged threat need not be unconditional; conditionality is one of many factors that may be considered by a jury when evaluating the nature of a threat. *See U.S. v. Sutcliffe,* 505 F.3d 944, 961 (9th Cir. 2007). The reaction of the listener to the alleged threat may also be considered. *See Fogel v. Collins*, 531 F.3d 824, 831 (9th Cir. 2008).

It was not unreasonable for the jury to conclude that the email facially constituted a true threat based on the language used, such as how Mr. Eisenberg ought to be "murdered" and would "merit every bullet that could be fired into his criminal ass." TR

ORDER - 4

132.  Furthermore, Mr. Eisenberg testified that he was sufficiently disturbed by the content of the email to contact the Seattle police, who agreed to monitor his home more carefully and consistently and to install an alarm in his house.  TR 132-33.  Mr. Eisenberg's reaction is further evidence supporting the jury's reasonable conclusion that Mr. Vaksman's email objectively constituted a threat.  Accordingly, the Motion for acquittal is **DENIED** as to the second/fourth element.

Fourth, Mr. Vaksman contends that the jury did not deliberate for a sufficient period of time to legitimately return a verdict of guilty.  Ct. Rec. 220, 10:18-20.  He does not, however, cite any cases supporting the proposition that short jury deliberations constitutes grounds for granting a Rule 29 motion.  The judge "cannot hold an hourglass over the jury.  If the evidence is sufficient to support the verdict, the length of time the jury deliberates is immaterial."  *Guaranty Service Corp. v. American Employers' Insurance Co.,* 893 F.2d 725, 729 (5th Cir.1990)(internal quotations omitted).  "[T]he time it takes the jury to decide is not the relevant factor.  The weight of the evidence is."  *U.S. v. Cunningham*, 108 F.3d 120, 123 (7th Cir. 1997)(Overturning the district court's granting of a Rule 29 motion where the jury deliberated for ten minutes).  Accordingly, the Motion is **DENIED** as to jury deliberations.

Whether or not the court agrees with a verdict is not the consideration when presented with Rule 29 motions, only the reasonableness thereof and the sufficiency of the evidence in support.  For the reasons heretofore stated, the jury's verdict was reasonably reached, and the evidence in support thereof sufficient.  Accordingly, Mr. Vaksman's Rule 29 Motions are **DENIED** in their entirety.

B.  Rule 33 Motion

Mr. Vaksman next moves for a new trial pursuant to Fed. R. Crim. P. 33, which states that "the court may vacate any judgment and grant a new trial if the interests of justice so requires."  Mr. Vaksman puts forth two theories, minimally argued, justifying a new trial.

First, Mr. Vaksman argues that the Government misstated facts to the jury that it

knew to be untrue, namely that Mr. Vaksman's 2007 civil suit against Mr. Eisenberg had *not* been dismissed prior to his emailing the alleged threat. Ct. Rec. 220, 11:14-17.  Mr. Vaksman does not cite in the record the alleged misstatements, and Mr. Eisenberg accurately testified that the civil suit had been dismissed prior to his receiving the communication from Mr. Vaksman. TR 130.  Accordingly, Mr. Vaksman has not carried his burden of showing the interests of justice require a new trial on this ground.

Secondly, Mr. Vaksman argues that the jury deliberated for too short a time to justly return a verdict of guilty.  As discussed *supra*, however, the duration of the jury's deliberation is irrelevant, as long as the evidence is sufficient to support the rendered verdict.  Mr. Vaksman has not carried his burden of showing the interests of justice require a new trial on this ground.

Mr. Vaksman has not carried his burden of showing that the interests of justice require a new trial. Accordingly, his Rule 33 Motion is **DENIED** in its entirety.

C.  Statute of Conviction - Unconstitutionally Vague

Mr. Vaksman's next argument is that 18 U.S.C. § 875(c), the statute under which he was convicted, is unconstitutionally vague. The statute reads: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

A statute is vague as applied if it either fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" or fails to "provide explicit standards for those who apply them." *U.S. v. Sandsness*, 988 F.2d 970, 971-72 (9th Cir. 1993), *quoting Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Mr. Vaksman argues that the term "threat" in the statute is so vague as to deny a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited.

The argument is without merit. First, innumerable are the examples of upheld

ORDER - 6

convictions under 18 U.S.C. § 875(c), and Mr. Vaksman has failed to cite a single instance of the statute being held unconstitutionally vague, even if such decision was later overturned on appeal. The term "threat" is perhaps vague as a term of art existing in a vacuum, but case law has interpreted its meaning and differentiated between hyperbole or exaggeration and "true threats." Courts may look to such interpretations when determining whether a statute is unconstitutionally vague. *See Grayned v. City of Rockford*, 408 U.S. 104, 109-110 (1972). In *Virginia v. Black***,** the Supreme Court interpreted "true threat" thusly:

> "True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protect[s] individuals from the fear of violence" and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur. Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.

538 U.S. 343, 359-60 (2003).

The interpretation of a true threat in *Black* allows an ordinary person of reasonable intelligence to know what conduct is prohibited by § 875(c). The Ninth Circuit reached this conclusion as well. "Defendant argues that § 875(c) is void for vagueness because the statute itself neither requires specific intent nor defines true threats. However, rather than making the statute void for vagueness, the narrowing construction provided by the relevant cases actually alleviates possible void-for-vagueness concerns." *U.S. v. Sutcliffe*, 805 F.3d 944, 953 (9th Cir. 2007). Accordingly, Mr. Vaksman's Motion to declare 18 U.S.C. § 875(c) unconstitutionally vague is **DENIED**.

D. *Pro Se* Motion for Mistrial

Lastly, Mr. Vaksman moves, *pro se*, for a mistrial on the grounds that his counsel failed to call a psychiatric expert, Dr. Grant, to testify violated his Sixth Amendment rights and Washington Rules of Professional Conduct 1.2(a). Ct. Rec. 230, 1. Under RPC 1.2(a), "a lawyer shall abide by a client's decisions regarding the objectives of representation . . ." The Sixth Amendment to the United States Constitution gives the

ORDER - 7

criminally accused the right to have "compulsory process for obtaining witnesses in his favor." Dr. Grant testified in pretrial competency hearings that Mr. Vaksman, a college graduate with a masters degree, suffers from ADHD, but was clearly competent.

Mr. Vaksman's argument that his court appointed attorney, who has worked diligently, tirelessly, and thanklessly on Vaksman's behalf, violated RPC 1.2(a) is without merit. Though it is true that RPC 1.2(a) requires an attorney to follow the directions of his client, RPC 3.1 states that "[a] lawyer shall not . . . controvert an issue . . . unless there is a basis for doing so that is not frivolous." Mr. Vaksman argues that Dr. Grant would have testified that "the word [sic] 'murder' & 'murdering' were used metaphorically and cannot possibly be a threat." This testimony, however, would have been inadmissible pursuant to Fed. R. Crim. P. 704(b), as it would have called for Dr. Grant to opine as to Mr. Vaksman's intent, a factual inquiry that is for the jury to decide. Any argument to admit the testimony of Dr. Grant by Mr. Vaksman's counsel would have been frivolous. Accordingly, Mr. Vaksman's counsel did not violate RPC 1.2(a) and his Motion is **DENIED**.

Mr. Vaksman's second argument, liberally construed by the court as an allegation of ineffective assistance of counsel, is also without merit. Pursuant to *Strickland v. Washington*, 466 U.S. 658 (1984), Mr. Vaksman must show both that his counsel's performance was deficient, and that any such deficiency would have affected the outcome of the proceedings. *Id.,* at 687. Mr. Vaksman has not carried this burden. As discussed *supra*, the performance of counsel was not deficient in any manner relating to the decision not to call Dr. Grant or in any other manner. Regardless, though Mr. Vaksman rather dubiously and tenuously attempts to illustrate the moral righteousness of his emails to Mr. Eisenberg by comparing himself to the Founding Fathers and Mr. Eisenberg to King George III (Ct. Rec. 230, ¶ 13), the evidence introduced against Mr. Vaksman at trial was sufficient, such that the outcome of the proceeding would not havechanged by reason of any different approach by his attorney. Accordingly, Mr. Vaksman was not deprived of his constitutional right to the effective assistance of counsel and his Motion is

ORDER - 8

**DENIED**.  Mr. Vaksman received the benefit of diligent, able, and qualified counsel who appropriately represented Mr. Vaksman, despite Mr. Vaksman's attempts to sue his attorney during these proceedings.  Mr. Vaksman should thank Mr. Fischer for his efforts, which were appropriately pursued despite Mr. Vaksman being an obdurate and inconsiderate client.

### III.  Conclusions

Mr. Vaksman has not shown that was insufficient evidence to sustain a verdict of guilty, when considered by a reasonable trier of fact in the light most favorable to the prosecution.  Nor has Mr. Vaksman shown that the interests of justice require a new trial be conducted.  Mr. Vaksman has not shown that the statute of conviction was unconstitutionally vague, or that his counsel violated RPC 1.2(a) or the Sixth Amendment by declining to call Dr. Grant to testify.  Accordingly,

**IT IS HEREBY ORDERED**:

1. The Defendant's Motion for Acquittal (Ct. Rec. 223) is **DENIED**.
2. The Defendant's Motion for New Trial (Ct. Rec. 224) is **DENIED**.
3. The Defendant's Motion to Declare Statute Unconstitutional (Ct. Rec. 225) is **DENIED**.
4. The Defendant's *pro se* Motion for Mistrial (Ct. Rec. 230) is **DENIED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel and Mr. Vaksman.

**DATED** this 4th day of December, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE